| | |
|---|---|
| EMILE J. GARMLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-0681 |
| v. ) | JUDGE ECHOLS |
| ) | |
| OPRYLAND HOTEL ) | |
| NASHVILLE, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court are Defendant's Motion To Dismiss (Docket Entry No. 7) and Defendant's Motion To Dismiss Amended Complaint (Docket Entry No. 17), to which Plaintiff filed responses (Docket Entry Nos. 13 & 19).

Plaintiff Emile Garmley ("Plaintiff") filed this suit under the Court's diversity jurisdiction against Opryland Hotel Nashville, LLC ("Defendant") alleging claims for public disclosure of private facts and negligence. Defendant moved to dismiss both claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff then amended his complaint and added claims for intentional interference with contract and intentional interference with a business expectancy. Defendant moved to dismiss all four claims for failure to state a claim and in doing so incorporated by reference its initial motion and memorandum. Fed.R.Civ.P. 10. The Court will examine the facts as pled in the Amended Complaint to determine whether one or both of Defendant's motions to dismiss should be granted.

1

## I. FACTUAL ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff is a resident of Fort Worth, Texas, and Defendant is a Delaware limited liability company doing business in Nashville, Tennessee. (Docket Entry No. 15, Amended Complaint ¶¶ 1-2.) Plaintiff was a distributor for a corporation known as Mac Tools on January 19, 2007. Mac Tools required Plaintiff to attend a Tool Fair in Nashville. Plaintiff was a guest at the Opryland Hotel and Convention Center where the Tool Fair was held. (Id. ¶ 5.) "While receiving a massage at Defendant's spa, Plaintiff initiated an ill-advised and indiscreet incident with a masseuse. Recognizing his inappropriate conduct, Plaintiff immediately apologized. Plaintiff did not commit, nor was he accused of, any crime." (Id. ¶ 6.)

Defendant's employee reported the event to Mac Tools. Mac Tools rescinded Plaintiff's distributorship, informing Plaintiff that it was taking the action because of the incident at Defendant's hotel. (Id. ¶ 7.) Plaintiff alleges that, by informing Mac Tools of the incident, Defendant gave publication to a matter concerning Plaintiff's private life which Defendant knew or should have known would be highly offensive to a reasonable person, and was of no legitimate concern to Mac Tools or to the public. Plaintiff alleges that Defendant tortiously invaded his privacy. (Id. ¶ 8.)

Plaintiff also alleges that Defendant was negligent in informing Mac Tools of Plaintiff's "private indiscretion." Plaintiff alleges that it was reasonably foreseeable that by so doing, Defendant would cost Plaintiff his livelihood and otherwise damage Plaintiff. (Id. ¶ 9.) Plaintiff also alleges that Defendant's actions in going to Plaintiff's employer with information unrelated to his employment amounts to intentional interference with a business relationship and interference with a contract of employment. (Id. ¶ 10.) Plaintiff alleges that as a direct and proximate result of

Defendant's actions as alleged, he has suffered and will continue to suffer loss of earning capacity and other damages. (Id. ¶ 11.) Plaintiff seeks $5 million in compensatory damages and $1 million in punitive damages.

## II. STANDARD OF REVIEW

In evaluating the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all of Plaintiff's allegations and resolve all doubts in Plaintiff's favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the Plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. —, 167 L.Ed.2d 929, 940 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The factual allegations supplied must be enough to show a plausible right to relief. Id. at 940-942. A complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id. at 944; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

## III. ANALYSIS

### A. Public disclosure of private facts

Tennessee courts apply the Restatement (Second) of Torts § 652D to define the tort of public disclosure of private facts:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person and (b) is not of legitimate concern to the public.

3

International Union v. Garner, 601 F.Supp. 187, 190 (M.D. Tenn. 1985); Beard v. Akzona, Inc., 517 F.Supp. 128, 132-133 (E.D. Tenn. 1981); Major v. Charter Lakeside Hosp., Inc., 1990 Tenn. App. LEXIS 621, *10-11 (Aug. 31, 1990). Comment A to § 652D of the Restatement provides:

> a. *Publicity*. The form of invasion of the right of privacy covered in this Section depends upon publicity given to the private life of the individual. "Publicity," as it is used in this Section, differs from "publication," as that term is used in § 577 in connection with liability for defamation. "Publication," in that sense, is a word of art, which includes any communication by the defendant to a third person. "Publicity," on the other hand, means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. The difference is not one of the means of communication, which may be oral, written or by any other means. It is one of a communication that reaches, or is sure to reach, the public.

"The cause of action recognizes the right of all persons to be free from publication of information, regardless of its truth, which is truly private and the dissemination of which would be harmful or embarrassing." Garner, 601 F. Supp. at 190.

*1. No public disclosure is alleged*

Assuming that publication of the facts surrounding the incident involving Plaintiff at Defendant's hotel was both highly offensive to a reasonable person and not a legitimate concern to the general public, the question the Court must resolve is whether Plaintiff's allegations reveal the kind and extent of publicity that can give rise to liability. "Communication to a single individual or to a small group of people, absent breach of contract, trust, or other confidential relationship, will not give rise to liability." Beard, 517 F.Supp. at 132 (granting defendant's motion for judgment notwithstanding the verdict); Parr v. Middle Tennessee State Univ., 1999 Tenn. App. LEXIS 803, *9-10 (Dec. 3, 1999) (affirming dismissal for failure to state a claim); Lineberry v. Locke, 2000 Tenn. App. LEXIS 532 at *6-7 (July 31, 2000) (granting directed verdict).

4

The Amended Complaint alleges only that Defendant notified Mac Tools of Plaintiff's indiscretion and this resulted in the termination of Plaintiff's distributorship with Mac Tools. Plaintiff contends that he is entitled to proceed with discovery to determine how many people at Mac Tools learned of Defendant's publication. Even if such discovery were allowed, Plaintiff still would not state a claim because he does not allege that Defendant's publication reached the public at large, or so many persons that the matter was substantially certain to become one of public knowledge.

In Beard, the plaintiff and her estranged husband, who still lived in the same house, worked for the same employer. The plaintiff had an affair with a co-employee. Plaintiff's husband tapped his own telephone and tape-recorded plaintiff's conversations, which confirmed the affair. The husband provided the tape recordings to the employer. Five management employees, all of whom had some job-related connection to at least one of the employee parties involved, listened to the tapes. The court held that plaintiff did not show the extent of publicity necessary to give rise to liability for invasion of her privacy. Beard, 517 F.Supp. at 132-133.

Similarly, in Major, a police officer voluntarily entered a drug rehabilitation program at Charter Lakeside Hospital. The complaint alleged that an employee of the hospital contacted the police officer's employer to inquire about his hospitalization insurance and during the conversation revealed that the officer was a patient at "Lakeside Hospital." No other information was provided. When the police officer returned to work, the police department terminated his employment because of his hospitalization. Major, 1990 Tenn. App. LEXIS 621 at *2-3. Because the complaint did not allege that the publication was made to anyone other than the employer, the Tennessee Court of Appeals affirmed dismissal of the complaint under Tennessee Rule of Civil Procedure 12.02(6) on the ground that the complaint failed to allege facts sufficient to state a claim upon which relief for

5

invasion of privacy under the Restatement could be granted. Id. at *12. Similarly, in Tidman v. The Salvation Army, 1998 WL 391765 at *2 (Tenn. Ct. App. 1998) (unpublished), the Tennessee Court of Appeals affirmed dismissal for failure to state a claim where the complaint did not allege that any private information was disclosed to anyone outside the Salvation Army.

Because Plaintiff also does not allege that Defendant's publication was made to anyone other than Mac Tools and because Plaintiff does not allege that Defendant's publication reached the public at large, the Court concludes that Plaintiff fails to state a claim under Rule 12(b)(6).

*2. The fact in question is not private*

Plaintiff concedes in his Amended Complaint that he engaged in an "ill-advised and indiscreet incident with a masseuse" at Defendant's hotel spa. Although Plaintiff may believe otherwise, the right to privacy does not extend to activities conducted in public health spas or commercial massage parlors. Wigginess, Inc. v. Fruchtman, 482 F.Supp. 681, 689 (S.D.N.Y. 1979), *aff'd* 628 F.2d 1346 (2nd Cir. 1980) (holding no right to privacy attaches in commercial health spas and clubs because services are open to individual purchase or by membership to general public); Regency Servs. Corp. v. Board of County Commissioners, 819 P.2d 1049, 1057 (Colo. 1991) (holding patron of commercial massage parlor had no reasonable expectation that massage would be constitutionally protected as integral part of right to privacy).

The tort of public disclosure of private facts protects information that is "truly private," Garner, 601 F.Supp. at 190, and there can be no liability where Defendant gave publicity to conduct in which the Plaintiff engaged in dealing with a member of the public: a masseuse employed at a commercial spa. See Puckett v. American Broadcasting Co., 1990 U.S. App. LEXIS 19761 at *5

6

(6th Cir. Nov. 6, 1990). Thus, for this reason also, the Court concludes that Plaintiff fails to state a claim. The Court will dismiss this claim with prejudice.

**B. Negligence**

To prevail on a negligence claim, Plaintiff must prove (1) a duty of care owed by Defendant to the Plaintiff; (2) conduct below the applicable standard of care that amounts to breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) legal cause. Kilpatrick v. Bryant, 868 S.W.2d 594, 598 (Tenn. 1993). A duty is the legal obligation a defendant owes to a plaintiff to conform to a reasonable person standard of care in order to protect against unreasonable risks of harm. McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995). Whether a duty exists is a question of law for the court. Rice v. Sabir, 979 S.W.2d 305, 308 (Tenn. 1998). The Court must decide "whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant." Id.

Plaintiff does not allege in his Amended Complaint that Defendant owed him a duty. Plaintiff did not address his negligence claim when he responded to Defendant's two motions to dismiss. Accordingly, because Plaintiff has come forward with nothing to convince the Court to hold otherwise, the Court concludes that Plaintiff has not sufficiently alleged duty to survive the Rule 12(b)(6) motion to dismiss. The Court will dismiss this claim with prejudice.

**C. Tortious inference with contract or business expectancy**

Tennessee law recognizes a claim for tortious interference with a contract, both at common law and by statute. Tenn. Code Ann. § 47-50-109. Although Plaintiff does not state in his Amended Complaint whether he pursues a common law or statutory claim, the elements are the same for either cause of action: (1) the existence of a legal contract between the Plaintiff and a third party;

7

(2) defendant's awareness of the contract; (3) defendant's malicious intent to induce breach of the contract; (4) a breach of contract proximately caused by defendant's actions; and (5) resulting damages to the plaintiff. Freeman Mgt. Corp. v. Shurgard Storage Ctrs., LLC, 461 F.Supp.2d 629, 637 (M.D. Tenn. _____). The differences between the two claims is that the statutory claim allows for treble damages instead of punitive damages, and the statutory claim requires a "clear showing" of liability rather than proof by a preponderance of the evidence. Cambio Health Solutions, LLC v. Reardon, 2007 U.S. App. LEXIS 5608 at *8-9 (6th Cir. Feb. 27, 2007) (unpublished).

The elements of the tort of interference with a business expectancy are: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's improper motive or improper means; and (5) damages resulting from the tortious interference. Freeman Mgt. Corp., 461 F. Supp.2d at 640. A plaintiff must establish that the defendant's predominant purpose was to injure the plaintiff and that the means by which the defendant interfered with the business expectancy was "improper" or "wrongful." Id. Such "improper" or "wrongful" means can include, but are not limited to:

> Acts that are illegal or independently tortious, such as violations of statutes, regulations, or recognized common-law rules; violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of inside or confidential information, or breach of a fiduciary relationship; and those methods that violate an established standard of a trade or profession, or otherwise involve unethical conduct, such as sharp dealing, overreaching or unfair competition.

Trau-Med of America, Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 701 n.5 (Tenn. 2002).

8

Defendant asserts that Plaintiff fails to state a claim on these two theories because Plaintiff did not allege that Defendant had knowledge of Plaintiff's contract with Mac Tools as opposed to a mere awareness of Plaintiff's business dealings with others in general, Plaintiff did not allege that Defendant acted with the intent to cause Mac Tools to terminate its contract with Plaintiff, and Plaintiff did not allege that Defendant acted with improper motive or by improper means. As noted above, the Supreme Court recently held that, while a complaint need not contain detailed factual allegations, the Plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp., 550 U.S. —, 167 L.Ed.2d at 940. The factual allegations supplied must be enough to show a plausible right to relief. Id. at 940-942. A complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id. at 944.

Here, Plaintiff does not even include a formulaic recitation of the elements of his causes of action. He alleges only that he engaged in "an ill-advised and indiscreet incident with a masseuse," that Defendant informed Mac Tools about the incident, and upon learning of the incident, Mac Tools terminated Plaintiff's distributorship. Plaintiff does not allege that the information Defendant gave to Mac Tools was false or that it was inaccurate in some manner. While it can be inferred from the Amended Complaint that Defendant knew something about Plaintiff's relationship with Mac Tools to prompt Defendant to make a report of the incident to Mac Tools, Plaintiff does not expressly allege that Defendant provided the information to Mac Tools with knowledge of Plaintiff's distributorship agreement, that Defendant provided the information to Mac Tools with the intent to cause Mac Tools to terminate Plaintiff's distributorship agreement or end its business relationship

9

with him, or that Defendant provided the information to Mac Tools out of an improper motive or by improper means. The Court concludes that Plaintiff has not alleged sufficient facts to show a plausible right to relief on these two tort claims. See id.

### IV. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (Docket Entry No. 7) and Defendant's Motion to Dismiss Amended Complaint (Docket Entry No 17) will be granted, and the Amended Complaint will be dismissed with prejudice for failure to state a claim.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE